Tibor Nagy, Jr., SBN 007465
Christopher M. Pastore, SBN 026340
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C., SBN 00504800
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone: 520.544.0300
Fax: 520.544.9675
tibor.nagy@ogletree.com
christopher.pastore@ogletree.com

Attorneys for Defendant Corizon Health, Inc.
and Corizon, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. 2:18-cv-02942-JZB |
| Plaintiff, | **DEFENDANTS' ANSWER TO COMPLAINT** |
| v. | |
| Corizon Health, Inc. and Corizon, LLC, | |
| Defendants. | |

Defendants Corizon Health, Inc. and Corizon, LLC (collectively "Corizon" or "Defendants"), by and through undersigned counsel, for its Answer to the allegations contained in the Complaint filed by the Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), admits, denies, and affirmatively alleges as follows:

## NATURE OF ACTION

Plaintiff's "Nature of Action" section of the Complaint does not call for or require a response. To the extent a response is required, Defendants deny all allegations contained in "Nature of Action" section of Plaintiff's Complaint.

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, Defendants admit only that

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

jurisdiction in proper in this Court.

2.    Answering Paragraph 2 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny all allegations contained in Paragraph 2.

3.    Answering Paragraph 3 of the Complaint, Defendants admit only that venue is proper in this Court.  Defendants deny all remaining allegations contained in Paragraph 3 and deny that any alleged unlawful conduct occurred in this District, or anywhere else, at any time.

## PARTIES

4.    Defendants admit the truth of the allegations contained in Paragraph 4 of the Complaint.

5.    Answering Paragraph 5 of the Complaint, Defendants state that allegations contained therein constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 5.

6.    Defendants admit the truth of the allegations contained in Paragraph 6 of the Complaint.

7.    Answering Paragraph 7 of the Complaint, Defendants admit only that Corizon LLC is a wholly owned subsidiary of Corizon Health, Inc.  Defendants deny all remaining allegations contained in Paragraph 7.

8.    Answering Paragraph 8 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

9.    Answering Paragraph 9 of the Complaint, Defendants state that the documents referenced therein speak for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.

10.    Answering Paragraph 10 of the Complaint, Defendants admit only that at certain relevant times, Joan Egan was employed as a Senior Benefits Specialist by

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

Corizon Health, Inc., that Ms. Egan was involved in decisions regarding leave requests made by Corizon, LLC and Corizon Health, Inc. employees, including but not limited to Charging Parties, and that Ms. Egan sent correspondence to Charging Parties, and other employees, regarding various aspects of their employment. Defendant denies all remaining allegations contained in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, Defendants admit only that, during certain relevant times, Denetra Batey was employed by Corizon Health, Inc., that she engaged in internal conversations with Corizon, LLC and Corizon Health, Inc. employees, and that she engaged in conversations with Ms. Egan regarding separation decisions and how to address issues concerning employee leaves of absence. Defendants deny all remaining allegations contained in Paragraph 11.

12. Defendants admit the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendants admit the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Defendants admit the truth of the allegations contained in Paragraph 15 of the Complaint.

**ADMINISTRATIVE PROCEDURES**

16. Answering Paragraph 16 of the Complaint, Defendants admit only that Charging Parties McCrehin, Pogue, Moore and Magnelli filed charges against Corizon, LLC and that Charging Party McCormick filed a charge against Corizon Health, Inc. Defendants deny all remaining allegations in Paragraph 16.

17. Answering Paragraph 17 of the Complaint, Defendants admit only that the EEOC notified Defendant Corizon, LLC of the charges filed by Charging Parties McCrehin, Pogue, Moore and Magnelli and that the EEOC notified Defendant Corizon Health, Inc. of the charge filed by Defendant McCormick. Defendants deny all

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

remaining allegations in Paragraph 17.

18. Upon information and belief, Defendants admit the truth of the allegations contained in Paragraph 18 of the Complaint.

19. Answering Paragraph 19 of the Complaint, Defendants state that the documents referenced therein speak for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.

20. Answering Paragraph 20 of the Complaint, Defendants state that the documents referenced therein speak for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.

21. Answering Paragraph 21 of the Complaint, Defendants state that the documents referenced therein speak for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.

22. Answering Paragraph 22 of the Complaint, Defendants state that the documents referenced therein speak for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.

23. Answering Paragraph 23 of the Complaint, Defendants state that the documents referenced therein speaks for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.

24. Answering Paragraph 24 of the Complaint, Defendants state that allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

## GENERAL ALLEGATIONS

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.     Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations contained in Paragraph 41 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

**Charging Party Ann Pogue**

43.     Answering Paragraph 43 of the Complaint, Defendants admit only that Charging Party Pogue was hired by Corizon, LLC and worked in Phoenix, Arizona. Defendants deny all remaining allegations contained in Paragraph 43.

44.     Answering Paragraph 44 of the Complaint, Defendants admit only that Charging Party Pogue was a Mental Health Technician for Corizon, LLC. Defendants deny all remaining allegations in Paragraph 44.

45.     Answering Paragraph 45 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46.     Answering Paragraph 46 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 46 of the Complaint and, therefore, deny the same.

47.     Answering Paragraph 47 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Answering Paragraph 53 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Answering Paragraph 55 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in Paragraph 55 and, therefore, deny the same.

56.     Answering Paragraph 56 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 56 and, therefore, deny the same.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Answering Paragraph 62 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 62 and, therefore, deny the same.

63.     Defendants deny the allegations contained in Paragraph 63 of the

Complaint.

64.     Answering Paragraph 64 of the Complaint, Defendants admit only that, upon information and belief, during certain relevant times, Charging Party Pogue worked an 8:00 a.m. to 5:00 p.m. shift.  Defendants deny all remaining allegation contained in Paragraph 64.

65.     Answering Paragraph 65 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 65 and, therefore, deny the same.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     Answering Paragraph 70 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70 and, therefore, deny the same.

71.     Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in Paragraph 75 of the

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

Complaint.

76.     Answering Paragraph 76 of the Complaint, Defendants admit only that Charging Party Pogue made a request for a continuous leave of absence in December 2014.  Defendants deny all remaining allegations contained in Paragraph 76.

77.     Answering Paragraph 77 of the Complaint, Defendants admit only that Charging Party Pogue was granted continuous FMLA leave in December 2014. Defendants deny all remaining allegations contained in Paragraph 77.

78.     Answering Paragraph 78 of the Complaint, Defendants admit only that Charging Party Pogue submitted documentation request an extension of her continuous leave through at least August 15, 2015.   Defendants deny all remaining allegation contained in Paragraph 78.

79.     Answering Paragraph 79 of the Complaint, Defendants state that the documents referenced therein speaks for itself and denies any inaccurate or inconsistent characterization of the same.

80.     Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.     Defendants deny the allegations contained in Paragraph 83 of the Complaint.

84.     Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.     Defendants admit the truth of the allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations contained in Paragraph 86 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

**Charging Party Elizabeth McCrehin**

87.     Answering Paragraph 87 of the Complaint, Defendants admit only that, upon information and belief, Charging Party McCrehin was employed by Corizon, LLC's two predecessors in Florence, Arizona.   Defendants deny all remaining allegations contained in Paragraph 87.

88.     Upon information and belief, Defendants admit the truth of the allegations contained in Paragraph 88 of the Complaint.

89.     Upon information and belief, Defendants admit the truth of the allegations contained in Paragraph 89 of the Complaint.

90.     Answering Paragraph 90 of the Complaint, Defendants admit only that Charging Party McCrehin was a Nursing Supervisor for Corizon, LLC when it took over operations at the Florence facility in March 2013.    Defendants deny all remaining allegations contained in Paragraph 90.

91.     Answering Paragraph 91 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 91 and, therefore, deny the same.

92.     Answering Paragraph 92 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 92 and, therefore, deny the same.

93.     Answering Paragraph 93 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 93.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Answering Paragraph 95 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations in

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

Paragraph 95.

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Answering Paragraph 97 of the Complaints, Defendants admit only that Charging Party McCrehin notified Robert Parkinson that she needed time off to have bunion surgery.  Defendants deny all remaining allegations contained in Paragraph 97.

98.     Answering Paragraph 98 of the Complaint, Defendants admit only that Charging Party McCrehin submitted three documents regarding her request for leave. Defendants further state that the documents referenced in Paragraph 98 speak for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.

99.     Answering Paragraph 99 of the Complaint, Defendants admit only that Corizon, LLC was on notice of Ms. McCrehin's scheduled surgery and subsequent recovery period.   Defendants deny all remaining allegations contained in Paragraph 99.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Answering Paragraph 101 of the Complaint, Defendants admit only that on or about July 11, 2013, Charging Party McCrehin was notified that she was not eligible for FMLA leave, but that she was eligible for other medical leave.  Defendants deny all remaining allegations contained in Paragraph 101.

102.    Answering Paragraph 102 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

103.    Answering Paragraph 103 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

104.    Answering Paragraph 104 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the truth of the allegations contained in

Paragraph 104 and, therefore, deny the same.

105. Answering Paragraph 105 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

106. Answering Paragraph 106 of the Complaint, Defendants admit only that Charging Party McCrehin submitted a Certification of Healthcare provider that was dated August 5, 2013. Defendants deny all remaining allegations contained in Paragraph 106.

107. Answering Paragraph 107 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

108. Answering Paragraph 108 of the Complaint, Defendants admit only that Charging Party McCrehin's leave of absence was not extended. Defendants deny all remaining allegations contained in Paragraph 108.

109. Answering Paragraph 109 of the Complaint, Defendants admit only that Charging Party McCrehin's leave of absence was not extended. Defendants deny all remaining allegations contained in Paragraph 109.

110. Answering Paragraph 110 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

111. Answering Paragraph 111 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

112. Answering Paragraph 112 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

113. Answering Paragraph 113 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. Sunrise Drive, Suite 220
Tucson, AZ 85718
Telephone: 520.544.0300

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

114.    Answering Paragraph 114 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

**Charging Party Nicole Moore**

117.    Answering Paragraph 117 of the Complaint, Defendants admit only that Charging Party Moore was hired by Corizon, LLC as a Registered Nurse and worked in a facility located in Goodyear, Arizona.    Defendants deny all remaining allegations contained in Paragraph 117.

118.    Answering Paragraph 118 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 118 and, therefore, deny the same.

119.    Answering Paragraph 119 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 119 and, therefore, deny the same.

120.    Answering Paragraph 120 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required.    To the extent a response is required, Defendants deny the allegations in Paragraph 120.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Answering Paragraph 122 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required.    To the extent a response is required, Defendants deny the allegations in Paragraph 122.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

123. Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128. Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129. Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130. Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131. Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132. Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133. Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134. Answering Paragraph 134 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 134 and, therefore, deny the same.

135. Answering Paragraph 135 of the Complaint, Defendants admit only that Charging Party Moore was issued time and attendance points pursuant applicable time and attendance policies. Defendants deny all remaining allegations contained in

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

Paragraph 135.

136. Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137. Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138. Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139. Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140. Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141. Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142. Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143. Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144. Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145. Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146. Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147. Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148. Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149. Defendants deny the allegations contained in Paragraph 149 of the

Complaint.

150. Defendants deny the allegations contained in Paragraph 150 of the Complaint.

151. Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152. Defendants deny the allegations contained in Paragraph 152 of the Complaint.

**Charging Party Linda Magnelli**

153. Answering Paragraph 153 of the Complaint, Defendants admit only that Corizon, LLC took over operations of the Florence, Arizona facility in March 2013 and, upon information and belief, that Charging Party Magnelli was employed by another entity unrelated to Corizon, LLC at that facility. Defendants deny all remaining allegations contained in Paragraph 153.

154. Answering Paragraph 154 of the Complaint, Defendants admit only that Charging Party Magnelli was employed by Corizon, LLC as a Psychology Associate or Counselor. Defendants deny all remaining allegations contained in Paragraph 154.

155. Answering Paragraph 155 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 155 and, therefore, deny the same.

156. Answering Paragraph 156 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 156.

157. Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158. Answering Paragraph 158 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in

Paragraph 158.

159. Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160. Answering Paragraph 160 of the Complaint, Defendants lack sufficient information and knowledge to admit or deny the truth of the allegations contained in Paragraph 160 and, therefore, deny the same.

161. Answering Paragraph 161 of the Complaint, Defendants lack sufficient information and knowledge to admit or deny the truth of the allegations contained in Paragraph 161 and, therefore, deny the same.

162. Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163. Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164. Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165. Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166. Answering Paragraph 166 of the Complaints, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegation contained in Paragraph 166 and, therefore, deny the same.

167. Answering Paragraph 167 of the Complaint, Defendants lack sufficient information and knowledge to admit or deny the truth of the allegations contained in Paragraph 167 and, therefore, deny the same.

168. Answering Paragraph 168 of the Complaint, Defendants lack sufficient information and knowledge to admit or deny the truth of the allegations contained in Paragraph 168 and, therefore, deny the same.

169. Defendants deny the allegations contained in Paragraph 169 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

170. Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171. Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172. Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173. Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174. Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175. Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176. Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177. Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178. Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179. Defendants deny the allegations contained in Paragraph 179 of the Complaint.

180. Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181. Defendants deny the allegations contained in Paragraph 181 of the Complaint.

182. Answering Paragraph 182 of the Complaint, Defendants lack sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 182 and, therefore, deny the same.

183. Defendants deny the allegations contained in Paragraph 183 of the

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

Complaint.

184. Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185. Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186. Defendants deny the allegations contained in Paragraph 186 of the Complaint.

187. Defendants deny the allegations contained in Paragraph 187 of the Complaint.

188. Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189. Defendants deny the allegations contained in Paragraph 189 of the Complaint.

190. Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191. Answering Paragraph 191 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 191 and, therefore, deny the same.

192. Defendants deny the allegations contained in Paragraph 192 of the Complaint.

193. Answering Paragraph 193 of the Complaint, Defendants admit only that Charging Party Magnelli's request for leave was approved. Defendants deny all remaining allegations contained in Paragraph 193.

194. Answering Paragraph 194 of the Complaint, Defendants admit only that Charging Party Magnelli was not eligible for FMLA leave but was eligible for other leave. Defendants deny all remaining allegations contained in Paragraph 194.

195. Defendants deny the allegations contained in Paragraph 195 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

196.     Answering Paragraph 196 of the Complaint, Defendants state that the document referred to therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

197.     Answering Paragraph 197 of the Complaint, Defendants state that, to the extent these allegations refer to documents, that these documents speaks for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.  To the extent the allegations in Paragraph 197 do not refer to documents, Defendants deny the allegations contained in Paragraph 197.

198.     Answering Paragraph 198 of the Complaint, Defendants state that, to the extent these allegations refer to documents, that these documents speaks for themselves and Defendants deny any inaccurate or inconsistent characterization of the same.  To the extent the allegations in Paragraph 198 do not refer to documents, Defendants deny the allegations contained in Paragraph 198.

199.     Answering Paragraph 99 of the Complaint, Defendants admit only that, on or about December 17, 2013, Charging Party Magnelli indicated that she was not sure she would be able to return to work on December 23, 2013 and asked for extended leave. Defendants deny all remaining allegations contained in Paragraph 199.

200.     Answering Paragraph 200 of the Complaint, Defendants admit only that, on or about December 18, 2013, Charging Party Magnelli indicated that she planned to return to work on December 23, 2013.   Defendants deny all remaining allegations contained in Paragraph 200.

201.     Answering Paragraph 201 of the Complaint, Defendants admit only that on or about December 19, 2013, Charging Party submitted a Return to Work Restrictions Worksheet.   Defendants further state that the document referenced in Paragraph 201 speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

202.     Answering Paragraph 202 of the Complaint, Defendants state the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent

characterization of the same.

203. Answering Paragraph 203 of the Complaint, Defendants state the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

204. Answering Paragraph 204 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

205. Answering Paragraph 205 of the Complaint, Defendants admit only that Charging Party Magnelli's medical leave of absence would be exhausted on or about December 22, 2013. Defendants deny all remaining allegations contained in Paragraph 205.

206. Answering Paragraph 206 of the Complaint, Defendants state the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

207. Answering Paragraph 207 of the Complaint, Defendants state the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

208. Defendants deny the allegations contained in Paragraph 208 of the Complaint.

**Charging Party Barbara McCormick**

209. Answering Paragraph 209 of the Complaint, Defendants admit only that Corizon Health, Inc. hired Charging Party McCormick as a Licensed Practical Nurse to work in a facility located in Kuna, Idaho in August 2014. Defendants deny all remaining allegations contained in Paragraph 209.

210. Answering Paragraph 210 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the truth of the allegations contained in Paragraph 210 and, therefore, deny the same.

211. Answering Paragraph 211 of the Complaint, Defendants state that the

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212. Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213. Answering Paragraph 213 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214. Defendants deny the allegations contained in Paragraph 214 of the Complaint.

215. Answering Paragraph 215 of the Complaint, Defendants admit only that in or around January 2015, Charging Party McCormick notified her supervisor that she planned on having back surgery in February 2015 and would need time off related to the surgery and recovery. Defendants deny all remaining allegations contained in Paragraph 215.

216. Defendants deny the allegations contained in Paragraph 216 of the Complaint.

217. Answering Paragraph 217 of the Complaint, Defendants admit only that Charging Party McCormick was not eligible for FMLA leave. Defendants deny all remaining allegations in Paragraph 217.

218. Defendants admit the truth of the allegations contained in Paragraph 218 of the Complaint.

219. Answering Paragraph 219 of the Complaint, Defendants admit only that Plaintiff was provided a leave of absence. Defendants deny all remaining allegations contained in Paragraph 219.

220. Answering Paragraph 220 of the Complaint, Defendants admit only that on or about March 19, 2015, Charging Party McCormick submitted a Return to Work

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

Restrictions Document regarding her return to work. Defendants further state that the document referenced in Paragraph 220 speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

221. Answering Paragraph 221 of the Complaint, Defendants state that the document referenced therein speaks for itself and Defendants deny any inaccurate or inconsistent characterization of the same.

222. Answering Paragraph 222 of the Complaint, Defendants state that the document referenced therein speaks for itself and denies any inaccurate or inconsistent characterization of the same.

223. Answering Paragraph 223 of the Complaint, Defendants state that the document referenced therein speaks for itself and denies any inaccurate or inconsistent characterization of the same.

224. Answering Paragraph 224 of the Complaint, Defendants state that the document referenced therein speaks for itself and denies any inaccurate or inconsistent characterization of the same.

225. Defendants deny the allegations contained in Paragraph 225.

226. Answering Paragraph 226 of the Complaint, Defendants admit only that Charging Party McCormick's termination was reversed/rescinded and that she was permitted to take additional leave time. Defendants deny all remaining allegations contained in Paragraph 226.

227. Answering Paragraph 227 of the Complaint, Defendants state that the document referenced therein speaks for itself and deny any inaccurate or inconsistent characterization of the same.

228. Answering Paragraph 228 of the Complaint, Defendants state that the document referenced therein speaks for itself and denies any inaccurate or inconsistent characterization of the same.

229. Answering Paragraph 229 of the Complaint, Defendants state that the document referenced therein speaks for itself and denies any inaccurate or inconsistent

characterization of the same.

230. Defendants deny the allegations contained in Paragraph 230 of the Complaint.

## FIRST CLAIM FOR RELIEF

### Failure to Provide Reasonable Accommodation

### 42 U.S.C. §§ 12112(a) and (b)(5)(A)

231. Answering Paragraph 231 of the Complaint, Defendants incorporate herein by this reference all admissions, denials and affirmative allegations set forth elsewhere in this Answer, as if fully set forth in this Paragraph.

232. Defendants deny the allegations contained in Paragraph 232 of the Complaint.

233. Answering Paragraph 233 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 233.

234. Defendants deny the allegations contained in Paragraph 234 of the Complaint.

235. Defendants deny the allegations contained in Paragraph 235 of the Complaint.

236. Defendants deny the allegations contained in Paragraph 236 of the Complaint.

237. Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238. Defendants deny the allegations contained in Paragraph 238 of the Complaint.

239. Answering Paragraph 239 of the Complaint, Defendants admit only that Charging Party Moore submitted a request for intermittent FMLA leave. Defendants deny all remaining allegations contained in Paragraph 239.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

240. Defendants deny the allegations contained in Paragraph 240 of the Complaint.

241. Defendants deny the allegations contained in Paragraph 241 of the Complaint.

242. Defendants deny the allegations contained in Paragraph 242 of the Complaint.

243. Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244. Defendants deny the allegations contained in Paragraph 244 of the Complaint.

245. Defendants deny the allegations contained in Paragraph 245 of the Complaint.

246. Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247. Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248. Defendants deny the allegations contained in Paragraph 248 of the Complaint.

249. Defendants deny the allegations contained in Paragraph 249 of the Complaint.

## SECOND CLAIM FOR RELIEF

**Discriminatory and Constructive Discharge**

**42 U.S.C. §§ 12112(a) and (b)(5)(A)**

250. Answering Paragraph 250 of the Complaint, Defendants incorporate herein by this reference all admissions, denials and affirmative allegations set forth elsewhere in this Answer, as if fully set forth in this Paragraph.

251. Defendants deny the allegations contained in Paragraph 251 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

252. Answering Paragraph 252 of the Complaint, Defendants state that the allegations contained therein constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations contained in Paragraph 252.

253. Defendants deny the allegations contained in Paragraph 253 of the Complaint.

254. Defendants deny the allegations contained in Paragraph 254 of the Complaint.

255. Defendants deny the allegations contained in Paragraph 255 of the Complaint.

256. Defendants deny the allegations contained in Paragraph 256 of the Complaint.

257. Defendants deny the allegations contained in Paragraph 257 of the Complaint.

258. Defendants deny the allegations contained in Paragraph 258 of the Complaint.

259. Defendants deny the allegations contained in Paragraph 259 of the Complaint.

260. Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261. Defendants deny the allegations contained in Paragraph 261 of the Complaint.

262. Defendants deny the allegations contained in Paragraph 262 of the Complaint.

263. Defendants deny the allegations contained in Paragraph 263 of the Complaint.

264. Defendants deny the allegations contained in Paragraph 264 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

## THIRD CLAIM FOR RELIEF

### Discriminatory Failure to Promote

### 42 U.S.C. §§ 12112(a) and (b)(5)(B)

265.    Answering Paragraph 265 of the Complaint, Defendants incorporate herein by this reference all admissions, denials and affirmative allegations set forth elsewhere in this Answer, as if fully set forth in this Paragraph.

266.    Defendants deny the allegations contained in Paragraph 266 of the Complaint.

267.    Defendants deny the allegations contained in Paragraph 267 of the Complaint.

268.    Defendants deny the allegations contained in Paragraph 268 of the Complaint.

269.    Defendants deny the allegations contained in Paragraph 269 of the Complaint.

270.    Defendants deny the allegations contained in Paragraph 270 of the Complaint.

271.    Defendants deny the allegations contained in Paragraph 271 of the Complaint.

272.    Defendants deny the allegations contained in Paragraph 272 of the Complaint.

## FOURTH CLAIM FOR RELIEF

### Retaliation

### Section 503 of the ADA, 42 U.S.C. § 12203

273.    Answering Paragraph 273 of the Complaint, Defendants incorporate herein by this reference all admissions, denials and affirmative allegations set forth elsewhere in this Answer, as if fully set forth in this Paragraph.

274.    Defendants deny the allegations contained in Paragraph 274 of the Complaint.

275. Defendants deny the allegations contained in Paragraph 275 of the Complaint.

276. Defendants deny the allegations contained in Paragraph 276 of the Complaint.

277. Defendants deny the allegations contained in Paragraph 277 of the Complaint.

278. Defendants deny the allegations contained in Paragraph 278 of the Complaint.

279. Defendants deny the allegations contained in Paragraph 279 of the Complaint.

280. Defendants deny the allegations contained in Paragraph 280 of the Complaint.

281. Defendants deny the allegations contained in Paragraph 281 of the Complaint.

282. Defendants deny the allegations contained in Paragraph 282 of the Complaint.

283. Defendants deny the allegations contained in Paragraph 283 of the Complaint.

284. Defendants deny the allegations contained in Paragraph 284 of the Complaint.

## FIFTH CLAIM FOR RELIEF

### Hostile Work Environment

### Section 102 of the ADA, 42 U.S.C. § 12112(a)

285. Answering Paragraph 285 of the Complaint, Defendants incorporate herein by this reference all admissions, denials and affirmative allegations set forth elsewhere in this Answer, as if fully set forth in this Paragraph.

286. Defendants deny the allegations contained in Paragraph 286 of the Complaint.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

287. Defendants deny the allegations contained in Paragraph 287 of the Complaint.

288. Defendants deny the allegations contained in Paragraph 288 of the Complaint.

289. Defendants deny the allegations contained in Paragraph 289 of the Complaint.

290. Defendants deny the allegations contained in Paragraph 290 of the Complaint.

291. Defendants deny the allegations contained in Paragraph 291 of the Complaint.

292. Defendants deny the allegations contained in Paragraph 292 of the Complaint.

293. Defendants deny the allegations contained in Paragraph 293 of the Complain.

294. Defendants deny the allegations contained in Paragraph 294 of the Complaint.

295. Defendants deny the allegations contained in Paragraph 295 of the Complaint.

296. Defendants deny the allegations contained in Paragraph 296 of the Complaint.

297. Defendants deny the allegations contained in Paragraph 297 of the Complaint.

298. Defendants deny the allegations contained in Paragraph 298 of the Complaint.

299. Defendants deny the allegations contained in Paragraph 299 of the Complaint.

300. Defendants deny the allegations contained in Paragraph 300 of the Complaint.

## SIXTH CLAIM FOR RELIEF

### Use of Discriminatory Qualification Standards

### 42 U.S.C. §§ 12112(a) and (b)(6)

301.  Answering Paragraph 301 of the Complaint, Defendants incorporate herein by this reference all admissions, denials and affirmative allegations set forth elsewhere in this Answer, as if fully set forth in this Paragraph.

302.  Defendants deny the allegations contained in Paragraph 302 of the Complaint.

303.  Defendants deny the allegations contained in Paragraph 303 of the Complaint.

304.  Defendants deny the allegations contained in Paragraph 304 of the Complaint.

305.  Defendants deny the allegations contained in Paragraph 305 of the Complaint.

306.  Defendants deny the allegations contained in Paragraph 306 of the Complaint.

307.  Defendants deny the allegations contained in Paragraph 307 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

### Use of Discriminatory Standards, Criteria, or Methods of Administration

### 42 U.S.C. §§ 12112(a) and (b)(3)(A)

308.  Answering Paragraph 308 of the Complaint, Defendants incorporate herein by this reference all admissions, denials and affirmative allegations set forth elsewhere in this Answer, as if fully set forth in this Paragraph.

309.  Defendants deny the allegations contained in Paragraph 309 of the Complaint.

310.  Defendants deny the allegations contained in Paragraph 310 of the Complaint.

311. Defendants deny the allegations contained in Paragraph 311 of the Complaint.

312. Defendants deny the allegations contained in Paragraph 312 of the Complaint.

313. Defendants deny the allegations contained in Paragraph 313 of the Complaint.

314. Defendants deny the allegations contained in Paragraph 314 of the Complaint.

315. Defendants deny the allegations contained in Paragraph 315 of the Complaint.

316. Defendants deny the allegations contained in Paragraph 316 of the Complaint.

## PRAYER FOR RELIEF

Answering Paragraphs A through O regarding Plaintiff's Prayer for Relief, Defendants deny that Plaintiff, Charging Parties and/or anyone else are entitled to any of the relief requested or any relief whatsoever.

## GENERAL DENIAL

Defendants deny all allegations and inferences contained in the Complaint that are not expressly admitted in this Answer, deny acting unlawfully with respect to Plaintiff and/or the Charging Parties, deny causing recoverable damage to Plaintiff and/or the Charging Parties and deny that Plaintiff and/or the Charging Parties are entitled to any relief whatsoever against Defendants, as alleged in the Complaint or at all.

## AFFIRMATIVE AND ADDITIONAL DEFENSES AND ALLEGATIONS

As and for separate, alternative, and affirmative defenses and allegations to Plaintiffs' Complaint, Defendants allege:

A. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

B. Plaintiff's claims are not actionable because Defendants' actions were based on legitimate non-discriminatory, non-retaliatory business reasons, and were based

upon reasonable factors other than the discrimination alleged by Plaintiff and/or any alleged protected activity.

C.    Plaintiff's claims are not actionable because Defendants' actions were not motivated in whole, or in part, by any alleged disability or any alleged protected activity.

D.    Plaintiff's claims are barred to the extent Defendants exercised reasonable care to prevent and correct promptly any alleged unlawful conduct.

E.    Plaintiff's claims are barred to the extent that Charging Parties (or any other alleged similarly situated individuals) unreasonably failed to take advantage of preventive or corrective opportunities provided by Defendants, or to avoid harm otherwise.

F.    Plaintiff's claims are barred to the extent Defendants took prompt remedial action to stop the alleged discrimination and/or retaliation, and the alleged discrimination and/or retaliation actually stopped.

G.    Plaintiff's claims are barred, in whole or in part, because Charging Parties (and other alleged similarly situated individuals) are not qualified individuals with disabilities.

H.    Plaintiff's claims are barred, in whole or in part, by Charging Parties' (and other alleged similarly situated individuals') failure to notify Defendants in writing, or otherwise, of their alleged need for accommodation.

I.    Plaintiff's disability discrimination and retaliation claims are barred because the alleged accommodations sought by Charging Parties (and other alleged similarly situated individuals), would have imposed an undue hardship on Defendants.

J.    To the extent distinctions were made between Charging Parties (and other alleged similarly situated individuals) and other employees, all such distinctions were based upon reasonable and legitimate and/or non-discriminatory, non-retaliatory factors.

K.    To the extent distinctions were made between Charging Parties (and other alleged similarly situated individuals) and other employees, no such distinctions were motivated in whole or in part by the Charging Parties' (and other alleged similarly situated individuals') alleged disabilities and/or any alleged protected activity.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3430 E. SUNRISE DRIVE, SUITE 220
TUCSON, AZ 85718
TELEPHONE: 520.544.0300

L.     Plaintiff's recovery, if any, is barred in whole or in part because Defendants would have taken the same action or actions with regard to Charging Parties' (and other alleged similarly situated individuals') employment in the absence of the alleged discrimination and/or any alleged protected activity.

M.     Defendants did not authorize, direct, or participate in any alleged discriminatory and/or retaliatory conduct.

N.     The alleged, discriminatory and/or retaliatory conduct of Defendants' employees, if any, were all undertaken outside the scope of their agency and/or employment with the Defendants and without the knowledge or consent of the Defendants; the Defendants may therefore not be held liable for the same.

O.     Plaintiff's claims and any recovery thereon are barred by the doctrines of waiver, estoppel, laches and unclean hands.

P.     Plaintiff's claims are or may be barred by Charging Parties' (other alleged similarly situated individuals') and/or Plaintiff's failure to satisfy administrative prerequisites, including but not limited to that Plaintiff's and/or Charging Parties' (or other alleged similarly situated individuals') claims exceed the scope of the Charges filed with the EEOC, that the Charges were not timely filed and/or there was unreasonable delay in the investigation, determination and conciliation process.

Q.     Some or all of Plaintiff's claims are or may be barred by Plaintiff's failure to engage in good faith conciliation efforts with Defendants.

R.     Plaintiff's claims with respect to any alleged class of similarly situated individuals are barred because Plaintiff and/or the alleged similarly situated individuals have not met the jurisdictional prerequisites for filing a claim under the ADA.

S.     Some or all of Plaintiff's claims are barred because they are beyond the scope of the Charging Parties' underlying charges, were not subject to administrative investigation and were not included in any determination by the EEOC.

T.     Plaintiff's claims are or may be barred by Charging Parties' (and any alleged similarly situated individuals') failure to mitigate any alleged damages.

U.  Plaintiff is not entitled to injunctive relief because Defendants did not intentionally engage in any unlawful conduct and, in any event, Defendants' conduct with respect to Plaintiff was privileged, justified and in good faith and without improper motive, malice, purpose, means or intent.

V.  To the extent Plaintiff seeks exemplary or punitive damages, such damages are unconstitutional under the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and constitute an excessive penalty or fine in violation of the Eighth Amendment.

W.  To the extent discovery reveals additional affirmative defenses, Defendants reserve the right to amend this Answer to assert additional affirmative defenses.

RESPECTFULLY SUBMITTED this 26th day of November, 2018.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:    s/ Tibor Nagy, Jr.
       Tibor Nagy, Jr.
       Christopher M. Pastore
       3430 E. Sunrise Drive, Suite 220
       Tucson, AZ  85718
       Attorneys for Defendant Corizon Health, Inc. and Corizon, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of November, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Mary Jo O'Neill
James P. Driscoll-MacEachron
William R. Hobson

Wasan A. Awad
Benjamin, Price
Equal Employment Opportunity Commission
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, AZ 85012
Attorneys for Plaintiff

s/ Barbara Stamm