1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>          Plaintiff,<br><br>v.<br><br>Corizon Health Incorporated, et al.,<br><br>          Defendants. | No. CV-18-02942-PHX-DLR<br><br>**ORDER**<br>**CONSENT DECREE** |

The Court has reviewed the parties' Joint Motion to Enter Consent Decree. (Doc. 37.) For good cause shown,

## I.  Recitals

1.  The Plaintiff, Equal Employment Opportunity Commission, an agency of the United States government (hereinafter "Plaintiff" or "Commission"), filed its complaint in the above-captioned lawsuit on September 18, 2018 (hereinafter referred to as "the Action"), alleging Corizon Health, Inc. and Corizon, LLC (collectively "Corizon" or "Defendants") implemented unlawful employment policies and practices nationwide that discriminated on the basis of disability by, among other things, failing to provide reasonable accommodations, requiring employees to be 100% or fully healed before they could return to work, failing to promote employees with disabilities, discharging employees with disabilities, retaliating against employees with disabilities when they engaged in protected activities, and implementing leave policies in a manner that served

as a qualification standard or a method of administration that screened out employees with disabilities.

2.   The Defendants answered the complaint on November 26, 2018, wherein they denied having implemented, or engaged in, any unlawful policies, practices or conduct alleged in the complaint.

3.   The Parties to this Consent Decree are the Commission and Corizon.

4.   The Parties, desiring to settle the Action by an appropriate Consent Decree, agree to the jurisdiction of this Court over the Parties and the subject matter of this Action and agree to the power of this Court to enter a Consent Decree enforceable against Defendants.

5.   As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.   For the purpose of amicably resolving the disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

### II. Jurisdiction

7.   The Court has jurisdiction over the Parties and subject matter of this Action.

8.   The Parties agree that this Decree is fair, reasonable, and equitable and does not violate the law or public policy.

9.    The Decree becomes effective on the date of signing by the Court ("Effective Date").  The duration of the Decree shall be thirty-six (36) months from the Effective Date.

10. This Decree covers all of Defendants' operations within the United States.

### III. General Provisions

11. In the event any terms of this Decree are not fulfilled, this Decree may be specifically enforced in the United States District Court for the District of Arizona.

12. This Decree resolves all claims alleged in the Action, and it constitutes a complete resolution of all of the Commission's claims of unlawful employment

practices under the Americans with Disabilities Act of 1990, as amended ("ADA"), that arise from the Letters of Determination issued for the following Charges of Discrimination: Charge of Discrimination No. 846-2013-49458 filed by Elizabeth McCrehin, Charge No. 540-2014-01909 filed by Linda Magnelli, Charge No. 540-2014-02516 filed by Nicole Moore, Charge No. 38C-2015-00250 filed by Barbara McCormick, and Charge No.540-2015-01984 filed by Anne Pogue; and allegations asserted by the EEOC on behalf of the following other aggrieved individuals, among whom are persons who (as detailed below) have pending charges asserting claims arising within the scope of the Action: Charlene Busman, Elaine Clayton, Debbie A. Day, Nancy Griffin, Scheree Lau, Nancy Mashburn, Christine McMillian, Sarretta Williams, Teresa Wood, Victoria Lucking, Yvette Upton, Mikel Winchester, Joi Smith, Bruce Cooper, Susan Bernard-Davy,  Waynetta Patterson, Alan Brown and Sondra Hollingsworth.  This Decree will also resolve and constitute a complete resolution of all of the EEOC's claims alleged in any pending Charge of Discrimination filed by any of the above-identified other aggrieved individuals with the EEOC and/or any state fair employment practices agency that has a contract with the EEOC, including the Charges filed by Debbie A. Day, Nancy Mashburn,  Teresa Wood, Bruce Cooper, Susan Bernard-Davy, Waynetta Patterson, Alan Brown and Sondra Hollingsworth.  The Commission will not use any of the Charges referenced above, any Charge filed by any Charging Party or other aggrieved individual receiving relief under this Decree, or any other Charge against Defendants which alleges violations of the ADA that is pending before the EEOC and/or any state fair employment practices agency that has a contract with the EEOC as of the date the EEOC signs the Decree as the jurisdictional basis for filing a lawsuit or lawsuits against Defendants.

13. This Consent Decree shall not constitute an adjudication or finding on the merits of the Complaint and shall not be construed as an admission by Defendants of any violation of the ADA.

### IV. Monetary Relief

14. Defendants will not condition the receipt of individual relief upon any Charging Party or other aggrieved individuals' agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; or (b) waive his or her statutory right to file a future charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Defendants' facilities nationwide.

15. Judgment is hereby entered in favor of the Commission and against Defendants in the total amount of $950,000.

16. The judgment amount shall be allocated collectively to the Charging Parties and the identified other aggrieved individuals in amounts determined by the Commission. No later than twenty (20) business days after the Effective Date or the date upon which the Commission provides Defendants with a final distribution list, whichever comes later in time, Defendants will pay this portion of the judgement in accordance with a final distribution list provided by the Commission. All payments must be made by certified check, cashier's check, or money order.

16.1 Defendants shall pay all payroll taxes for which an employer is responsible on the back wages portion for the tax year during which payment is made. The employer's share of FUTA and FICA taxes shall not be taken from the settlement amount.    For each Charging Party and/or other aggrieved individual receiving a portion of the monetary relief described above to compensate the Charging Party and/or other aggrieved individual for alleged damages, for tax classification purposes the settlement payments shall be allocated as follows:

> a.  Anne Pogue: 50% back pay damages; 50% compensatory damages
>
> b.  Linda Magnelli: 50% back pay damages; 50% compensatory damages
>
> c.  Elizabeth McCrehin: 25% back pay damages; 75% compensatory damages
>
> d.  Nicole Moore: 25% back pay damages; 75% compensatory damages
>
> e.  Barbara McCormick: 10% back pay damages; 90% compensatory damages
>
> f.  Christine McMillan: 50% back pay damages; 50% compensatory damages

g.  Charlene Busman: 50% back pay damages; 50% compensatory damages

h.  Scheree Lau: 50% back pay damages; 50% compensatory damages

i.  Nancy Griffin: 50% back pay damages; 50% compensatory damages

j.  Saretta Williams: 25% back pay damages; 75% compensatory damages

k.  Teresa Wood: 10% back pay damages; 90% compensatory damages

l.  Nancy Mashburn: 25% back pay damages; 75% compensatory damages

m. Debbie A. Day: 50% back pay damages; 50% compensatory damages

n.  Elaine Clayton: 50% back pay damages; 50% compensatory damages

o.  Victoria Lucking: 50% back pay damages; 50% compensatory damages

p.  Joi Smith: 10% back pay damages; 90% compensatory damages

q.  Yvette Upton: 10% back pay damages; 90% compensatory damages

r.  Mikel Winchester: 50% back pay damages; 50% compensatory damages

s.  Bruce Cooper: 25% back pay damages; 75% compensatory damages

t.  Susan Bernard-Davy: 50% back pay damages; 50% compensatory damages

u.  Waynetta Patterson: 25% back pay damages; 75% compensatory damages

v.  Alan Brown: 25% back pay damages; 75% compensatory damages

w.  Sondra Hollingsworth: 50% back pay damages; 50% compensatory damages

16.2    Defendants shall issue an IRS Form W-2 to the Charging Parties and each identified aggrieved individual with regard to the back pay component of the monetary award, and an IRS Form 1099 to the Charging Parties and each identified aggrieved individual with regard to any compensatory damages component of the monetary award by January 31, 2020. The compensatory damages award will be designated in box 3 of each 1099 form. Within three (3) business days after payments are mailed to all payees, Defendants shall submit to the Commission a copy of the checks or money orders issued and all related correspondence.

17. Within ten (10) business days after the Effective Date, the EEOC will provide Defendants signed copies of the release attached as Exhibit A for each Charging Party

and aggrieved individual identified above.

## V. Equitable Relief

18.  For the duration of the Decree, Defendants, their officers, agents, successors, assigns, and other persons in active concert or participation with them shall not engage in any employment practice which discriminates on the basis of disability, including but not limited to, failure to provide reasonable accommodations, discriminatory discharge, discriminatory failure to promote, retaliation, subjecting employees to a hostile work environment, using discriminatory qualification standards, and implementing methods of administration that violate the ADA.

19. For the duration of the Decree, Defendants, their officers, agents, successors, assigns, and other persons in active concert or participation with them, or any of them shall not engage in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the ADA. For the duration of this Decree, Defendants shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendants, because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge, or because such person testifies or participates in the investigation or prosecution of an alleged violation of these statutes. For the duration of this Decree, Defendants shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation giving rise to this action. For the duration of this Decree, Defendants shall not retaliate against any such persons identified as a witness or possible witnesses of discrimination in future investigations or proceedings.

## VI. ADA Coaches

20. Within ninety (90) days of the Effective Date, Defendants will designate at least three (3) employees with expertise in the ADA, EEO compliance, human resources and personnel matters as qualified ADA Coaches and provide them sufficient support to

accomplish all of their responsibilities.

21. The ADA Coaches or their staff will have the following responsibilities within their assigned regions:

    a.  Assisting Defendants' human resource and supervisory employees with their ADA responsibilities, including but not limited to aiding such employees to stay within full compliance with this Decree;

    b.  Overseeing reasonable accommodation requests made by employees with disabilities within their assigned regions. Within their assigned regions, each ADA Coach shall be responsible for: (i) the process of gathering information sufficient to assess the request for reasonable accommodation; (ii) carrying out or assisting site personnel in carrying out Corizon's duty to engage in the interactive process regarding the request for reasonable accommodation including determining whether a reasonable accommodation is possible, communicating to the employee and the employee's immediate supervisors what accommodations are possible, and making the final decision on the reasonable accommodation request based on the information gathered during the interactive process; and

    c.  Ensuring that the notice provided for in Paragraph 40 is timely posted on the Defendants' Intranet and a message is sent to all employees indicating what the notice is and where it can be found.

## VII. Monitor

22. Appointment of Monitor: Within ninety (90) days after the Effective Date, Defendants shall retain a qualified, professional, outside Monitor, who is not employed by or otherwise associated with Defendants, to oversee Defendants' compliance with the provisions of this Consent Decree, and with the ADA generally, at all of Defendants' locations nationwide. The Monitor shall have significant experience with employment discrimination laws generally and with the ADA in particular. The Commission will be

free to meet and confer with the Monitor.   Defendants must be copied on all written communications between the Commission and the Monitor; and Defendants will be permitted to participate in any telephonic, in-person or other communication between the Commission and the Monitor.

23. Compensation of Monitor: Defendants shall compensate the Monitor at an agreed-upon rate and shall reimburse the Monitor's expenses, and Defendants shall pay all reasonable costs necessary to fulfill the work of the Monitor.

24. Cooperation: Defendants agree to fully cooperate with the Monitor.

25. Access to Region, Premises, Employees, and Information: The Monitor shall have access to all relevant documents, premises, employees, and other sources of information necessary to exercise his/her duties and responsibilities under this Decree. The Monitor shall have access to review all non-privileged records maintained by Defendants relating to the implementation or administration of this Decree, including all records relating to requests for accommodation, requests for medical leave, and requests for transfer or reassignment for medical or disability-related reasons.

26. Replacement of Monitor: In the event the Monitor is unable or unwilling to continue to serve, Defendants shall select a new monitor pursuant to Paragraph 22 above.

27. Monitor's Responsibilities: For the duration of this Decree, the Monitor will have the following responsibilities:

    a. In consultation with Defendants, the Monitor shall review Defendants' EEO policies and procedures and, if necessary, assist in developing and implementing new policies and procedures that ensure employees are afforded their legal protections under the ADA;

    b. Review the Defendants' ADA Training Program provided for in Paragraphs 31-38 of this Decree;

    c. The Monitor will conduct a Decree Orientation meeting with the ADA Coaches after the entry of this Decree;

d. Beginning from the Effective Date, every twelve (12) months the Monitor will draft and provide to the Commission and Defendants a report containing the Monitor's assessment of whether Defendants have complied with the provisions of this Decree and the ADA, and detailing the specifics of any lack of compliance;

e. The Monitor will meet with Defendants' ADA Coaches, Chief Human Resources Officer, and General Counsel or Assistant General Counsel following the issuance of each Monitor's report, and make recommendations regarding compliance with this Decree and other ADA matters; and

f. The Monitor will consult with Defendants as necessary to provide advice about ways to achieve full compliance with this Decree and the ADA.

## VII. EEO Policy Review

28. No later than ninety (90) days after the Effective Date, Defendants shall review their existing equal employment opportunity ("EEO") policies and procedures and, if necessary, develop and implement new and/or revised policies and procedures to ensure equal employment opportunities are afforded to all applicants and employees with disabilities. These revised EEO policies and procedures must include the following:

28.1. A strong and clear commitment to a workplace free of discrimination based on disability-related conditions;

28.2. A statement that discrimination based on disability is prohibited and will not be tolerated;

28.3. A statement that retaliation because an employee engaged in protected activity is prohibited and will not be tolerated;

28.4. A statement that qualified employees with a disability under the ADA who can complete their essential job functions with or without accommodation do not need to be free of all medical restrictions or be 100% healed before they may return to work;

28.5. A statement that employees with disabilities may apply for and be fairly considered for promotions;

28.6. A definitive statement supporting persons who believe they have been discriminated against based on disability or have experienced retaliation to report such concerns to any ADA Coach, their supervisors, management, or members of Human Resources. The EEO policies and procedures will identify the specific categories of individuals to whom employees may report their concerns about discrimination or retaliation, including appropriate contact information for each category of individuals to contact;

28.7. A clear explanation of the steps an employee may take to report discrimination or retaliation, which includes oral, written, and electronic complaint options. The reporting mechanism also allows for an employee to report discrimination or retaliation to a person not responsible for the alleged conduct giving rise to the complaint of discrimination;

28.8. A statement that all credible allegations of activity that might be construed as unlawful discrimination or retaliation will be investigated and that such investigation will be prompt, fair, reasonable, and conducted by a trained and unbiased investigator;

28.9. A statement that appropriate corrective action will be taken by Defendants where there has been a finding of discrimination and/or retaliation;

28.10. A statement that any officer, agent, administrator, department director, manager, supervisor, or employee who violates these policies will be subject to discipline, up to and including termination;

28.11. A statement that persons who report unlawful discrimination and/or retaliation or who participate in an investigation into allegations of discrimination and/or retaliation shall be accorded maximum feasible confidentiality;

28.12. A statement that Defendants will not retaliate against persons who have asked for reasonable accommodations;

28.13. A statement that Defendants will not retaliate against persons and witnesses who report to Defendants that they believe they or other employees have been subjected to

unlawful discrimination;

29.  Within 120 days of the Effective Date, Defendants will distribute via email and the intranet, a copy of these policies to each current employee. Defendants shall make hard copies of these policies available to employees who do not have electronic access or upon an employee's request. Defendants' written EEO policies shall be distributed to all new employees as part of their orientation. Defendants shall make its written EEO policies available in alternative formats, as necessary, for employees with cognitive and print disabilities that may prevent them from reading the policies.

## VIII. Reasonable Accommodation Policy

30. Within ninety (90) days of entry of the Effective Date, Defendants shall review their existing Reasonable Accommodation Policies and Procedures and, if necessary, issue new Reasonable Accommodation Policies and Procedures that shall include at least the following:

30.1. A statement indicating that it is Defendants' legal obligation under the ADA to undertake the interactive process once it is on notice that an employee requires a reasonable accommodation for his or her disability;

30.2. A clear explanation of all of the ways an employee may request a reasonable accommodation, including the names, position titles, emails, and phone numbers of the ADA Coaches;

30.3. A commitment to flexibility and individualized consideration of reasonable accommodations for employees with disabilities and assurance that employees need not use any particular words, such as "reasonable accommodation" or "disability," or request an accommodation in writing in order for Defendants to begin the interactive process;

30.4. A statement that Defendants will engage in the interactive process when determining the type of reasonable accommodation that is necessary, regardless of how the injury or disability was caused;

30.5. A process for employees to seek reasonable accommodation, including any form used by the employer, and contact information for individuals who employees may contact with questions;

30.6. An assurance that employees with disabilities may be entitled to reassignment as a reasonable accommodation;

30.7. An assurance that employees with disabilities may be allowed to transfer within their departments at Defendants' facilities as a reasonable accommodation;

30.8. A statement that employees shall not be subjected to any type of retaliation for requesting, requiring, or being provided a reasonable accommodation;

30.9. A requirement of maximum feasible confidentiality by the Defendants of all information regarding an employee's or applicant's request for an accommodation;

30.10. A requirement that, if Defendants and an employee with a disability are unable to identify a reasonable accommodation in the employee's current position, Defendants shall engage with the employee in an interactive process to evaluate whether the employee is eligible for transfer to another position and, if so, evaluate whether there are any open positions for which the employee is qualified and can perform the essential functions for such a position with or without accommodation, at a site where the employee is willing to work;

30.11. A statement that employees with disabilities will be offered leaves of absence as reasonable accommodations in accordance with the following policies and practices:

a. Requests for leaves of absences lasting six months or less will be considered a reasonable accommodation unless Defendants make a showing that the requested leave will cause Defendants undue hardship;

b. Requests for leaves of absence lasting longer than six months will be subject to evaluation during the interactive process consistent with the requirements of the ADA;

c. For all employees who are on leave as a reasonable accommodation,

Defendants must reply promptly to their requests to return to work especially as regards to their desire/ability to work with or without accommodations; and

    d.  There shall be no requirement by Defendants that employees be without restrictions or be 100% healed before they are permitted to return to work.

30.12. Within 120 days of the Effective Date, Defendants will distribute via email and the intranet a copy of these policies to each current employee. Defendants shall make hard copies of these policies available to employees who do not have electronic access or upon an employee's request. Defendants' written Reasonable Accommodations Policies and Procedures shall be distributed to all new employees as part of their orientation. Defendants shall make its written Reasonable Accommodations Policies and Procedures available in alternative formats, as necessary, for employees with cognitive and print disabilities that may prevent them from reading the policies.

## IX. Training

31. Defendants shall provide annual ADA training to all of their employees in accordance with the terms detailed herein.

32. The Commission's personnel will have the right to fully participate in any and all of Defendants' training sessions conducted in compliance with this Decree. Defendants shall prepare a training schedule, which it shall provide to the Commission at least thirty (30) days before the first training session on the schedule is conducted and no later than ninety (90) days after the Effective Date.

33. Defendants shall bear the cost of the training.

34. The ADA Coaches and Human Resource personnel will receive extensive ADA training once each year during the duration of this Decree for at least three (3) hours during the first year of this Decree and at least two (2) hours for each subsequent year of the Decree. At least one half of the amount of the required training for ADA Coaches and Human Resources personnel will be real-time training (either in person or via webcast where the employees can interact with the trainer). This training shall be

presented by a qualified outside vendor.

35. Management level employees will receive annual management-specific training lasting at least one hour (1) each year during the duration of this Decree. The training shall be presented through an online training module.  The content of the training will be created in conjunction with a qualified outside vendor.

36. The above-described trainings in paragraphs 34 and 35 must commence within one hundred and twenty (120) days of the Effective Date, or in the case of employees hired or promoted to such a position after entry of this Decree, then within one hundred and twenty (120) days after the date of employment. The training will cover the following subjects:

    a. A description of the types of conduct or policies that constitute discrimination under the ADA, including the Commission's Guidelines on the ADA;

    b. Defendants' ADA/Reasonable Accommodation policy;

    c. Defendants' obligation to undertake the interactive process once it is on notice that an employee requires a reasonable accommodation for their disability;

    d. The positions to whom an employee can make a request for a reasonable accommodation, the company's obligation to engage in the interactive process and the process all supervisory or HR employees are expected to undertake if an employee makes any reasonable accommodation request, whether orally or in writing, of him or her or if the supervisory or HR employee is aware that an employee has made a request for a reasonable accommodation to someone else;

    e. Defendants' procedure for investigating reports, complaints, or allegations of suspected discrimination against persons with disabilities, including but not limited to complaints that Defendants failed to engage in the interactive process and/or provide a reasonable accommodation; and

f. Management officials' legal obligation to avoid discriminating on the basis of disability and/or retaliating against individuals who engage in protected activity under the ADA, and Defendants' policy that officials who engage in discrimination on the basis of disability or engage in retaliation will be subject to discipline, up to and including termination.

37. Each of Defendants' non-management employees shall be required to complete annual ADA training during the duration of this Decree. The training shall be presented via an online training module.  The content of the training will be created in conjunction with a qualified outside vendor. The training for current employees must commence no later than December 31, 2019, or in the case of employees hired after entry of this Agreement, then within one hundred and twenty (120) days after the date of employment or December 31, 2019, whichever is later. The training shall be for at least one (1) hour annually and will cover the following subjects:

a. A description of the types of conduct or policies that constitute discrimination under the ADA;

b. An explanation of who is a qualified individual with a disability;

c. An explanation of the interactive process;

d. An explanation of what reasonable accommodations are, including but not limited to, leave and reassignment;

e. The Defendants' policies prohibiting disability-based discrimination, harassment, and retaliation;

f. Defendants' policies and procedures for providing reasonable accommodation for disabilities, including leave and reassignment;

g. An explanation that employees may report suspicions of disability discrimination to any manager orally or in writing and that a prompt investigation will follow;

h. An explanation of the process for employees to request a reasonable accommodation;

      i.   An explanation that reassignment and transfers may constitute reasonable accommodations and the process for seeking such accommodations;

      j.   An explanation that a reasonable accommodation request can be made to any supervisor or manager orally or in writing; and

      k.  An emphasis that Defendants will work in good faith to arrive at an effective reasonable accommodation for an employee who has a disability.

38.   Defendants shall provide the Monitor with copies of the training materials at least thirty (30) days before the first scheduled training for each of the training programs identified above.  The Monitor may provide comments and suggestions to the Defendants on the training modules. Defendants shall provide a written report to the Monitor with the next occurring report provided for in paragraph 49, below, which shall include the dates and times of all live training and a report on the progress of completion of all other trainings provided to employees.

## X. Notice Posting

39. Within thirty (30) days of the Effective Date, Defendants shall post on its Intranet and in conspicuous places in each of its facilities, the Notice attached as Exhibit B. The Notice will be on the Commission's letterhead and shall be posted in Times New Roman 12-point font, and it shall be the same style as set forth in Exhibit B. The Notice shall remain posted on the Defendants' Intranet and in conspicuous places in each of its facilities for the duration of this Decree. If a physical copy of the Notice is covered, removed, defaced, or otherwise altered, Defendants will replace that Notice. Defendants shall certify to the Monitor that the Notice has been posted nationwide within forty-five (45) days of the Effective Date.

## XI. Other Relief

40. **Expungement**: Within sixty (60) days of the Effective Date, Defendants shall expunge from the personnel files of the Charging Parties and all identified aggrieved individuals, all references, if any, to the charges of discrimination filed against Defendants or to participation in this action. Such expungement shall not prohibit Defendants from

retaining, separate from the employee's personnel files, any records of such charges and related investigations so long as those records are clearly marked as confidential and kept confidential.

41. **Record Keeping**: Defendant shall maintain records of any disciplinary actions taken against employees for violation of Defendants' ADA and reasonable accommodation policies.

42**. Letters of Reference**: Defendants shall provide the Charging Parties and all identified aggrieved individuals with a personalized copy of the neutral reference attached as Exhibit C, signed and printed on Defendants' letterhead in accordance with the deadline set forth in Paragraph 16 regarding monetary payments.  Provided that a request is directed to Defendants' Assistant Director of Human Resources at 615-660-6832, Defendants shall provide a copy of the written statement whenever a written employment reference is requested by a prospective employer of Charging Parties and/or any identified aggrieved individual.   Provided that a request is directed to Defendants' Human Resources Department, if a verbal request is made to Defendants' Human Resources department or any former supervisor of the Charging Party or aggrieved individual, Defendants shall only provide the information contained in the written statement.

## XII. Reporting, Recording, and Certification Requirements

43. Within forty-five (45) days of the Effective Date, Defendants will certify to the Commission that they have fully complied with the notice posting requirement in Paragraph 39.

44. Within ninety (90) days of the Effective Date Defendants will certify to the Commission that the Decree Orientation requirement in Paragraph 27.c has been completed.

45. Within ninety (90) days of the Effective Date, Defendants shall provide the Commission with confirmation that they have retained the Monitor required by this Decree. Included in this notice will be copies of the written agreement signed by both the Monitor and Defendants.

46. Within one hundred fifty (150) days after the Effective Date, Defendants shall provide the Monitor with confirmation that training has commenced as required by Paragraphs 31-38 above.

47. For the duration of this Consent Decree, Defendants shall maintain such records as are reasonably necessary to demonstrate its compliance with this Decree, including but not limited to the documents specifically identified below. This Paragraph requires the retention of existing documents and records, and documents and records that are hereinafter created and maintained in the normal course of Defendants' business activities. For the duration of the Decree, Defendants shall retain the hard-copy and, when applicable, computer records relating to the following activities:

    a. All records in Defendants' possession regarding employees' requests for reasonable accommodations, including which reasonable accommodations were granted and/or denied;

    b. Documentation of all requests for reasonable accommodations, including both verbal and written requests. Defendants shall notate the name and other sufficiently identifying information of employees requesting accommodations, date of request, the accommodations sought, specific accommodations granted and/or denied, dates when accommodations were granted or denied, and a reasonably detailed summary of the interactive process;

    c. All records in Defendants' possession regarding employees' requests for medical leave, including documentation of leave taken and dates of return to work;

    d. All records of complaints of discrimination based upon disability;

    e. All records of any investigation of complaints of discrimination based upon disability;

    f. All records of complaints of retaliation based on protected activity related to the ADA; and

g.  All records related to any investigations of complaints of retaliation based on protected activity related to the ADA.

48. **Information Requests:** For purposes of preparing the required reports under this Decree, the Monitor shall have the right to make reasonable requests for non-privileged information from Defendants to determine Defendants' compliance with the Decree over the duration of the Decree. Defendants shall comply with a reasonable request for such information within forty-five (45) days of the request. The Monitor shall also have the ability to survey and/or interview Defendants' employees to determine Defendants' compliance with the Decree pursuant to Paragraphs 22-27. Whenever possible, the surveys or interviews shall be done telephonically.   If it is necessary for such interviews/surveys to take place at Defendants' facilities, the Monitor shall provide Defendants reasonable notice of proposed date(s) and the employees to be interviewed/surveyed and reasonably coordinate with Defendants regarding the same. In no cases shall such interviews/surveys unreasonably interfere with Defendants' business.

49. **Reporting Requirements:** Three months before the Monitor's annual report is due pursuant to Paragraph 27.d, Defendants shall provide to the Monitor the following information (in electronic format):

a.  **Terminations**: A list of every employee terminated or otherwise disqualified from employment during the preceding twelve-month reporting period who had been on medical leave and/or had requested a reasonable accommodation during the reporting period, including the employee's name, address, telephone number, position, termination date, and reason for termination;

b.  **Requests for Accommodations**: All documentation related to requests (whether verbal or in writing) and responses to requests for reasonable accommodations received during the preceding twelve-month reporting period and recorded in accordance with Paragraph 47 that were ultimately denied. For each such denied request, the documentation/information that

must be provided, includes but is not limited to, the employee's name, address, telephone number, position, requested accommodation, date of request, the reasons an accommodation was not granted, the date of denial, documentation of meetings and communications regarding accommodations, and a reasonably detailed summary of the interactive process;

c. **Training**:  For each training program required under Paragraphs 31-38 and conducted during the reporting period, Defendants shall submit a registry of attendance/participation and provide a copy of the program agenda;

d. **Posting of Notice**: Defendants shall re-certify to the Monitor that the Notice required to be posted under Paragraph 39 of this Consent Decree has remained posted during the reporting period;

e. **Policy Review**: Defendants shall certify to the Monitor that the EEO and ADA policies were reviewed and, if necessary, updated as required by this Decree and then distributed to all existing and new employees and that all notifications have been made in accordance with Paragraphs 28-30 above; and

f. **Expungement of Personnel File**: Defendants shall certify to the Monitor that the expungement from the Charging Parties' and all aggrieved individual's personnel files required by Paragraph 40 above took place, the date of the expungements, and the specific documents expunged.

g. **Audit by Commission:** The Commission reserves the right to audit the Monitor's annual reports, including any information Defendants provide to the Monitor.

### XIII. Dispute Resolution

50. In the event that the Commission believes that the Defendants have failed to comply with any provision(s) of the Decree, the Commission shall notify the Defendants of the alleged non-compliance in writing (either via letter or e-mail) and shall afford the

Defendants twenty-one (21) calendar days to remedy the non-compliance or to satisfy the Commission that the Defendants have complied, unless otherwise agreed through counsel. If the Defendants have not remedied the alleged non-compliance or satisfied the Commission that it is has complied within twenty-one (21) calendar days of such notice of non-compliance, the Commission may apply to the Court for appropriate relief.

## XIII. Retention of Jurisdiction and Enforcement of Decree

51. This Court shall retain jurisdiction of this case for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees and otherwise enforce the terms of this Decree.

52. The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action, subject to the Dispute Resolution paragraph above. Should the Court determine that Defendants have not complied with this Decree, appropriate relief may be ordered, including extension of this Decree for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

53. Absent extension, this Decree shall expire by its own terms at the end of thirty-six months from the Effective Date without further action by the Parties or the Court.

## XIV. EEOC Authority

54. With respect to matters or charges outside the scope of this Decree, except as otherwise provided in Paragraph 12, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the Commission has enforcement authority and do not arise out of the claims that were asserted in this lawsuit.

## XV.  Costs and Attorneys' Fees

55. Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XVI.  Miscellaneous

56. Nothing in this Decree shall be deemed to create any rights on the part of non-parties

to enforce this Decree. The right to seek enforcement of the Decree is vested exclusively in the Commission.

## XVII.  Notice

57. Unless otherwise indicated, any notice, report, or communication by Defendants to the Commission required under the provisions of this Decree shall be sent by certified mail, postage prepaid or email, as follows:

> Mary Jo O'Neill
> Regional Attorney
> EEOC Phoenix District Office
> 3300 North Central Avenue, Suite 690
> Phoenix, Arizona 85012
> mary.oneill@eeoc.gov

## XVIII.  SIGNATURES

58. The parties agree to the entry of this Decree and judgment subject to final approval by the Court.

Dated this 15th day of May, 2019.

Douglas L. Rayes
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT                    CORIZON HEALTH INC.
OPPORTUNITY COMMISSION

By: _____       By: _____
    Mary Jo O'Neill                      Carolyn Schneider
    Regional Attorney                    Chief Human Resources Officer

Date: ___5/10/19___
                                    Date: ___5/10/19___


CORIZON LLC


By: Carolyn Schneider

    Chief Human Resources Officer


Date:

APPROVED AS TO FORM:

By: _____
Wasan Awad
Trial Attorney
EEOC Phoenix District Office
3300 North Central Avenue
Suite 690
Phoenix, Arizona 85012


Attorney for Plaintiff EEOC

By: _____
Tibor Nagy Jr.
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
3430 East Sunrise Drive,
Suite 220
Tucson, AZ 85718


Attorney for Defendants

EXHIBIT A
RELEASE

In consideration for $ _____paid to me by Defendants, in connection

with the resolution of *EEOC v. Corizon Health, Inc and Corizon LLC*, No. 2:18-cv-

02942-DLR, I waive my right to recover for any claims of disability discrimination

and/or retaliation arising under the ADA that I have against Corizon Health, Inc. and/or

Corizon, LLC and any and all affiliates, parents, and subsidiaries of Corizon Health, Inc.

and/or Corizon, LLC prior to the date of this release.

Date: _____ Signature:_____

EXHIBIT B
(NOTICE)

The following notice is posted pursuant to the terms of a Consent Decree reached between the Parties in *EEOC v. Corizon Healthcare Inc. and Corizon LLC*, filed in the United States District Court for the District of Arizona, Civil Action No. 2:18-cv-02942-DLR.

Management of Corizon Healthcare Inc., and Corizon LLC wish to emphasize their policy of providing equal employment opportunity in all of its areas of employment practices. Management seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of disability, sex, pregnancy, race, color, religion, national origin, or age.

Based on the Americans with Disabilities Act of 1990, as amended ("ADA"), it is unlawful for an employer to discriminate based upon the disability, record of disability, or perception of disability of an applicant or employee. It is also unlawful for any employer to retaliate against an employee because he or she has requested a reasonable accommodation for a disability, opposed discrimination, or because he or she has filed a charge of discrimination with any agency, or because he or she has participated in an investigation of a charge of discrimination.

Management respects the right of its employees and applicants for employment to work in an environment free from discrimination. Management assures employees of its promise to follow the ADA, in that it is our policy to prohibit all discrimination based on disability. Management will engage with employees in the interactive process if an employee is in need of a reasonable accommodation due to their disability. Management will ensure that it affords its employees with disabilities reasonable accommodations including leave, extended leave, and/or reassignment.

Any employee who believes they have suffered discrimination on the basis of disability, sex, pregnancy, age, race, color, religion, or national origin, has the right to contact the EEOC, the federal agency responsible for enforcing federal laws prohibiting employment discrimination. No management officials will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or any other agency. You may directly contact the Phoenix District Office of the EEOC, located at 3300 N. Central Avenue, Suite 690, Phoenix Arizona 85012 at the following numbers:

Website: www.eeeoc.gov
Telephone: 602-640-5000          Toll Free: 1-800-669-4000
TTY:       1-800-669-6820        Fax:       602-640-5009

This Notice shall remain posted for the term of three (3) years from entry of the Decree.
By: _____          Date:_____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT C

LETTER OF REFERENCE

To Whom It May Concern:

      [Mr/Ms] worked for [name of entity] at its [city/prison] facility from XX to XX as a [job title].

Date: _____                    _____
                                                                        [name]